IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PANORAMA POINT PARTNERS, LLC, and INTERALPEN PARTNERS, LLC; | |
| Plaintiffs, | 8:24CV393 |
| vs. | ORDER |
| EVEREST NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court *sua sponte* after review of the pleadings. The court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On October 3, 2024, the plaintiffs, Panorama Point Partners, LLC and InterAlpen Partners, LLC, filed this suit against Defendant Everest National Insurance Company invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The plaintiffs allege the citizenship of the parties as follows:

> Panorama Point Partners, LLC and InterAlpen Partners, LLC (collectively hereinafter, "Panorama") are Limited Liability Companies registered in Nebraska and Delaware, respectively. Both are based in Omaha, Nebraska. Under the leadership of the same majority shareholder and Managing Partner, both jointly solicit and manage private equity investment funds.
> . . .

>Everest National Insurance Company is a corporation domiciled in the State of Delaware and authorized to do business in the State of Nebraska.

(Filing No. 1).

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015). Additionally, "[a] corporation . . . is a citizen of every state where it is incorporated and the state where it has its principal place of business." *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023).

After review, the Court finds Plaintiffs' allegations of the parties' citizenship are insufficient to establish complete diversity exists between the parties. Both of the plaintiffs are LLCs; however, their Complaint does not set forth the name or type of the plaintiffs' member(s) and the citizenship of each member. Moreover, Plaintiff only alleges the defendant company is "domiciled in the State of Delaware and authorized to do business in the State of Nebraska," but does not specifically allege where Defendant is incorporated and where it has its principal place of business. Finally, based upon the Complaint's allegations, it appears possible both the plaintiffs and the defendant are citizens of Delaware, as the plaintiffs allege they are limited liability companies registered in Delaware and Nebraska, and the defendant is "a corporation domiciled" in Delaware.

3

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Plaintiffs leave to file an amended complaint that properly alleges the citizenship of the parties in accordance to assure this Court it has subject-matter jurisdiction. Upon consideration,

**IT IS ORDERED:** Plaintiffs shall file an amended complaint to properly allege the citizenship of the parties on or before **October 25, 2024**.

Dated this 4th day of October, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge